# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 14cv347-LAB (BGS) |
|---|---|
| Plaintiff, | **ORDER REQUIRING AMENDED PROOF OF SERVICE OR RE-SERVICE ON DEFENDANTS; AND** |
| vs. | |
| JAMES Y. LEE, et al. | **ORDER PERMITTING LATE OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** |
| Defendants. | |

Defendants Clayton Lee, Advanced Century Corp., Lolita Gatchalian, and Ultra International, Inc. waived service in this case (*see* Docket nos. 7, 8, 10, 11) and are properly before this Court. Default has been entered against each of them. (Docket no. 20.) On March 17, 2015, the SEC filed a motion for default judgment as to all Defendants. The Court on March 19 ordered Defendants to show cause why the motion should not be granted. That same order required counsel for the SEC to promptly serve all defendants with the motion, as well as the order itself, and to file proof of service. Several other Defendants have opposed the motion for default judgment, but Clayton Lee, Advanced Century, Gatchalian, and Ultra have not.

Under Fed. R. Civ. P. 55(b)(2), written notice of an application for default judgment must be served on parties who have appeared in the action. Because these four Defendants have not appeared, service of the motion is not required by rule. But the Court considers it

is appropriate here, if possible. A great deal of money is at stake in this case.[1] This, together with the possibility of excusable neglect in failing to oppose the motion are factors the Court would consider when deciding whether to grant it. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court is also mindful of the strong policy favoring decisions on the merits, rather than by default. *See id.*

**Clayton Lee and Advanced Century Corp.**

The proofs of service show that Clayton Lee and Advanced Century (for whom Clayton Lee is the agent) were served with the Court's order, but they fail to show these two were served with the motion. The other Defendants disputed whether the person served was actually Clayton Lee[2] but it does not matter. Fed. R. Civ. P. 4(e)(2)(B) allows service by leaving a copy of the papers to be served at the individual's dwelling with someone of suitable age and discretion. Rule 4(e)(1) allows service by a method that would be acceptable under state law. Under the circumstances, the method of service here also suffices under Cal. Civ. Proc. Code § 415.20(a). Under either provision, service appears to have been properly carried out. As for Advanced Century, under Fed. R. Civ. P. 4(h)(1)(A), it may be served in the same way as an individual can be served under state law. Because the SEC met Cal. Civ. Proc. Code § 415.20(a)'s requirements by delivering the papers to a responsible person at Clayton Lee's home at a time when Lee himself could not be served personally, Advanced Century was also served.

It is not clear whether Clayton Lee and Advanced Century were actually served with the motion for summary judgment and the proof of service simply failed to note it, or whether they were not served with it. If they were served, the SEC must promptly file amended proof

---

[1] The motion for default judgment seeks a total of $756,526.41 from Advanced Century, $148,758.62 from Ultra, $103,321.60 from Clayton Lee, and $77,349.81 from Gatchalian. (Docket no. 46-3 at 20, 22, 50, 77.)

[2] Clayton Lee did not seek to quash service, though he did provide an affidavit that other Defendants relied on in their motion seeking an extension fo time to file an opposition to the motion for default judgment. His affidavit says he was away from home until late at night on the day the proof of service says he was served, and that he does not match the description of the person served. It does not say whether anyone else, such as a relative, was or might have been at home.

of service showing that. *See* Fed. R. Civ. P. 4(l)(3) (providing that failure to prove service does not affect the validity of service, and that a court may permit proof of service to be amended). If they were never served with the motion, the SEC shall do so, and shall promptly file proof of service.

**Lolita Gatchalian and Ultra International, Inc.**

The affidavit accompanying proof of service makes clear the SEC made multiple attempts to serve Gatchalian, both individually and as agent for Ultra, and it appears she studiously avoided contact with them, although it is unclear whether she was avoiding contact with them in particular. In the end, its counsel sent the documents to be served to Irving Einhorn, Esq., who has represented her in this action, although he has never made an appearance. (*See* Docket no. 46-3 at 80 (deposition transcript showing Irving Einhorn representing Gatchalian at a deposition in this case).)

Under California law, if papers cannot with reasonable diligence be delivered to a party personally, they may be left with someone whose relationship to the party makes it more likely than not that the papers will be delivered. *See Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App.4th 1387, 1393–94 (Cal. App. 4 Dist. 1992). Bearing in mind that service here was not required but was ordered as a precaution, the Court finds that Gatchalian and Ultra have been given adequate notice of the pending motion for default judgment, and the SEC is excused from further efforts to serve them.

**Conclusion and Order**

Concurrently with this order, the Court is issuing an order taking the motion for default judgment under submission as to Clayton Lee, Advanced Century, Gatchalian, and Ultra International. But in the interests of avoiding, if possible, a judgment by default, the Court will entertain a late opposition to the motion for default judgment **If Clayton Lee, Advanced Century, Gatchalian, and/or Ultra International wish to oppose the motion for default judgment, they must file an opposition by May 4, 2015.** If the Court hears nothing from them by that time, it will assume they do not intend to oppose the motion.

/ / /

1  The Clerk shall mail a copy of this order to Clayton Lee, Advanced Century Corp.,
2  Lolita Gatchalian, Ultra International, and Irving Einhorn at the addresses provided in Docket
3  no. 48.
4  **IT IS SO ORDERED**.
5  DATED: April 22, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge