# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 14cv347-LAB (BGS) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR ORAL ARGUMENT;** |
| vs. | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT; AND** |
| JAMES Y. LEE, et al., | **ORDER RESETTING FINAL PRETRIAL CONFERENCE** |
| Defendants. | |

**Background**

This is one of three related civil cases pertaining to a fraudulent investment scheme. In a criminal case, Defendant James Y. Lee pled guilty to obstructing justice and admitted various acts of securities fraud. In case 14cv1737, *S.E.C. v. Lee*, James Y. Lee was ordered to disgorge over $2 million. The third case, 14cv542, *Ayers v. Lee*, is brought by investors.

In this case, the Securities and Exchange Commission (SEC) is suing not only James Lee, but also relief defendants Larissa Ettore, ELX International, Clayton Lee, Advanced Century Corp., Lolita Gatchalian, Ultra International Inc., and SOT Group, Inc. When Defendants failed to respond to the complaint, the case stalled. In response to the Court's order to show cause, the United States obtained an entry of default against all Defendants,

and filed a motion for default judgment (Docket no. 46), as well as a motion for oral argument (Docket no. 60).

The default judgment motion asks the Court to award relief against both James Lee and the relief defendants. It asks that the relief defendants be ordered to disgorge substantial amounts of money they are alleged to have received as a result of James Lee's fraud, plus prejudgment interest, as follows:

1. ELX: $1,024,491.55
2. SOT: $943,045.16
3. Advanced Century: $756,526.41
4. Ultra: $148,758.62
5. Ettore: $386,694.25
6. Clayton Lee: $103,321.60
7. Gatchalian: $77,410.83

Defendants filed a joint opposition to the motion for default judgment. The relief defendants argue both that they are not responsible for James Lee's wrongdoing, and also that the amount being sought from them is inflated. Some ask that the disgorgement be reduced, and some ask that they not be ordered to disgorge anything. They also argue that, because there was no scienter on their part, they be relieved of any obligation to pay prejudgment interest. In short, some of them are willing to pay some of the requested disgorgement, but not all of it. The opposition denies James Lee's liability, and asks that the Court not award a civil penalty or prejudgment interest.

The interactions of this case, case 14cv1737, and the criminal case are complex. It is likely most if not all of James Lee's arguments are subsumed within the judgment entered in case 14cv1737, and many of his arguments against liability may be barred by his plea agreement.

**Legal Standard**

Under Fed. R. Civ. P. 55(b)(2), the Court may enter default judgment and, if necessary, conduct an accounting, determine the amount of damages, receive and consider

evidence to establish the truth of any allegation, or investigate other matters. The decision to grant default judgment is within the Court's discretion. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."*Id*. at 1471–72.

**Discussion**

### Excusable Neglect and Policy Favoring Decisions on the Merits

One difference between this case and most cases in which default judgment is sought is that here, Defendants have appeared and are actively trying to defend. The principal reason for the United States' filing of the default judgment motion is that, while a few of the relief defendants took some steps to defend, most did nothing. And those that were taking steps, did little. For example, they filed no dispositive motions in order to raise the defenses they now raise in their opposition. They have offered no explanation for waiting until facing to default to raise these defenses, or for their neglect more generally.

### The Merits: *Eitel* Factors 2, 3, and 5

The most difficult of the *Eitel* factors are the second, third and fifth, all of which go to the merits of the case. The briefing on the motion is lengthy and complex, and is complicated further by proceedings in other cases. While the Court has taken time to review it carefully, it is unclear whether the disputes are ripe for decision and ought to be decided on the basis of the briefing, or whether a hearing or even a trial is necessary. Without going into detail, the pleadings raise factual disputes regarding scienter, the traceability of funds, the degree to which the relief defendants may have given value for the funds they received, and other issues.

/ / /

As a general matter, if all disputes can be fairly and adequately resolved on the basis of pleadings already filed, it is preferable to do so.  And under Fed. R. Civ. P. 55(b)(2), the Court has the power to decide all matters necessary to enter or effectuate judgment, even if it needs to hold hearings.  That being said, at this point there would be little difference between the types of hearings necessary to resolve factual disputes and a full trial.  Bearing in mind the kinds of disputes the Court would need to resolve, it does not appear much more efficient to resolve these disputes via hearings on a motion for default judgment than it would be to decide them on the merits after a trial.

**Danger of Unfair Prejudice to the United States**

The possibility of prejudice to the United States does not appear to be very great if default judgment is denied. While proceeding to trial rather than granting default judgment would result in somewhat greater expense to the United States, it would not be deprived of a final judgment or a recovery. There is of course no way now to know whether the recovery after trial would be the same as recovery via default judgment.  The danger of unfair prejudice to the United States, to the extent it can be ascertained, appears to be minimal.

**Amount of Money at Stake**

The entire amount the United States seeks is not contested; Defendants only ask that it be reduced.  Still, the amount by which it would be reduced if Defendants' arguments were to prevail is substantial.  For example, Ms. Ettore asks that her disgorgement obligation be reduced by over $260,000 and her personal liability be limited to just under $80,000. Clayton Lee asks that the over $100,000 in disgorgement sought against him be reduced to his interest in a 2007 Mercedes. Ms. Gatchalian asks that the entire $70,000 sought in disgorgement be remitted.  SOT asks that the full $873,922 sought in disgorgement be remitted. ELX asks that its disgorgement be reduced by nearly half, to just under $551,000. James Lee did not object, but presumably joined in the request for lower prejudgment interest.

The difference between the amount sought by default judgment and the amount the relief say they should be required to disgorge is well over $1.5 million, which easily qualifies

as substantial. The fact that a large sum of money is at stake tends to disfavor default judgment, particularly when material facts are in dispute. *Eitel*, 782 F.2d at 1472.

**Weighing the Factors**

Except for excusable neglect, all the *Eitel* factors weigh against entry of default. In particular, the Court is mindful of the strong policy disfavoring judgments by default. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985)). Here, even if they neglected the case before, Defendants are now prepared to litigate it, and trying the case on the merits is practicable.

**Conclusion and Order**

For these reasons, the motion for default judgment is **DENIED** and the motion for argument on the default judgment motion is **DENIED AS MOOT**.

Because the parties were given more time to file briefing, the pendency of these motions led the Court to vacate the pretrial conference. That conference is now **RESCHEDULED** for **Monday, June 13, 2016 at 12:00 noon**. The parties are directed to meet and confer and prepare a proposed final pretrial order, which should be lodged in editable electronic format no later than **May 31, 2016**. The proposed pretrial order should make clear to what degree, the claims against James Lee have already been adjudicated in case 14cv1737.

If the parties wish to discuss settlement or the possibility of consenting to having a magistrate judge try their case, they should contact the chambers of Magistrate Judge Bernard Skomal.

**IT IS SO ORDERED**.

DATED: March 7, 2016

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge