John Birkenheier (IL Bar No. 6270993)
Email: birkenheierj@sec.gov
Michael D. Foster (IL Bar No. 6257063)
Email: fostermi@sec.gov
Jennifer Peltz (IL Bar No. 6280848)
Email: peltzj@sec.gov
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES Y. LEE<br><br>Defendant,<br><br>and LARISSA O. ETTORE, ELX INTERNATIONAL, INC., CLAYTON K. LEE, ADVANCED CENTURY CORP., LOLITA GATCHALIAN, ULTRA INTERNATIONAL, INC., and SOT GROUP, INC.,<br><br>Relief Defendants. | Case No. 14-CV-0347-LAB-BGS<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST RELIEF DEFENDANTS LARISSA ETTORE, CLAYTON LEE, AND LOLITA GATCHALIAN** |

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this memorandum in support of its Motion for Sanctions against Relief Defendants Larissa Ettore, Lolita Gatchalian, and Clayton Lee (the "Individual Relief Defendants").

## A.  Introduction

The Individual Relief Defendants previously defaulted. Then, at the eleventh hour, they opposed the SEC's motion for default judgment, contending they wanted an opportunity to be heard. Even with the benefit of a second chance, however, the Individual Relief Defendants have refused to meet their basic obligations as civil litigants in the federal court system. They will not respond to the SEC's requests for production. They will not make themselves available for deposition. They have defied the Court's June 21, 2016 Order requiring them to produce documents responsive to the SEC's requests—even though the Court cautioned that noncompliance could result in sanctions. (Docket No. 79) And they elected to skip the recent mandatory settlement conference despite being ordered by the Court to appear in person. (Docket No. 86)

Now, in light of the Individual Relief Defendants' refusal to comply with their discovery obligations and their willful disobedience of court orders, and pursuant to Rules 16(f), 37(b) and 37(d) of the Federal Rules of Civil Procedure, the SEC respectfully seeks an order that: (1) enters default judgments against the Individual Relief Defendants; and (2) grants the relief requested in the SEC's previously submitted motion for default judgment (Docket No. 46).

## B.  Nature of this Case

Defendant James Y. Lee ("Lee") used fraudulent means to induce investors to hire him to conduct discretionary trading of stock options. Lee made false claims about his credentials and intentionally misled clients about the risks and performance of his options trading program. Lee eventually stipulated that he is liable for the securities laws violations alleged in the Complaint and consented to the entry of a

final judgment that, among other things, obligates him to pay disgorgement of $1,880,263, together with prejudgment interest of $322,762.95. (Docket Nos. 80-1, 82)

To achieve a complete recovery for Lee's securities law violations, the SEC named several entities and individuals as relief defendants: ELX International, Inc. ("ELX"); Advanced Century Corp. ("Advanced Century"); Ultra International, Inc. ("Ultra"); SOT Group, Inc. ("SOT"); Larissa Ettore ("Ettore"); Lolita Gatchalian ("Gatchalian"); and Clayton Lee. The SEC seeks disgorgement from these parties because, at Lee's direction, they received management fees paid by Lee's clients and do not have a legitimate claim to those ill-gotten funds.

C.  **Relevant Procedural Background**

Since prior to the filing of this lawsuit, the relief defendants have been on notice of the approximate disgorgement amounts the SEC seeks to recover from them, as well as how the SEC arrived at those figures. (*See* Docket No. 52-1 at ¶¶ 3-5) With the benefit of that knowledge, and the benefit of legal advice, all of the relief defendants other than Ettore initially chose to "accept defaults being entered against them for the relief requested in the Complaint[]." (*Id.* at ¶¶ 3, 6) Although Ettore initially answered the Complaint, she was mostly unresponsive to SEC discovery requests, including interrogatories and requests for production. (*See* Docket No. 40 at 2) The SEC was forced to seek judicial intervention (*see* Docket Nos. 33, 35-39), whereupon Ettore informed the SEC and the Court that she no longer wished to defend this action. (Docket No. 40 at 2) Ettore withdrew her Answer on November 13, 2014. (*Id.*)

At least certain of the relief defendants, including Ettore, however, then proceeded to oppose the SEC's motion for default judgment (which was filed on March 17, 2015). In light of this apparent intention to engage in the case and contest the SEC's claims, the Court denied the motion for default judgment and set a date for a final pretrial conference. (Docket No. 65) Because the SEC had not been afforded

discovery regarding the relief defendants' belated disgorgement defenses, the SEC sought to conduct certain limited discovery in advance of any evidentiary hearing or trial. On the parties' joint motion, the Court entered an amended scheduling order setting the following discovery deadlines: written discovery (exchange of document requests and corresponding productions) to be completed by June 13, 2016; and oral discovery (depositions of Ettore, Gatchalian, Clayton Lee and SEC staff accountant Delia Helpingstine) to be completed by June 28, 2016. (Docket No. 72 at 2) As part of this same order, the Court also scheduled a mandatory settlement conference for August 1, 2016 before Magistrate Judge Bernard G. Skomal, and directed the parties "to read and fully comply with the Chamber Rules of the assigned magistrate judge." (*Id.*) The pertinent Chamber Rules specify that parties are required "to appear **in person** at … settlement conferences." (emphasis in original)

### D.   Relief Defendants' Failures to Produce Documents and Comply with the Court's Recent Orders

Pursuant to the amended scheduling order, the Commission served requests for production on the Individual Relief Defendants on May 19, 2016. Responsive documents were due by June 3, 2016. When these parties did not timely respond, the SEC was forced to file a motion to compel. (Docket No. 78) Although the Court promptly ordered the Individual Relief Defendants to comply with the requests (Docket No. 79), they have failed to produce a single document. (Peltz Decl. ¶ 17, filed herewith)

The Individual Relief Defendants have also failed to provide the deposition discovery contemplated by the amended scheduling order. The SEC noticed Ettore's deposition for June 16 in San Diego; Gatchalian's deposition for June 17 in San Francisco; and Clayton Lee's deposition for June 24 in San Diego. (*Id.* ¶¶ 6, 8 & Exs. 2, 3) All three individuals failed to appear for their depositions. (*Id.* ¶¶ 11-13 & Exs. 5-8) Their non-appearances came after weeks of attempts by the SEC to secure mutually agreeable deposition dates, with no response as to the availability

of Ettore and Gatchalian. (*Id.* ¶¶ 4-10) Clayton Lee selected the date and location for his deposition and still failed to appear. (*Id.* ¶¶ 7, 10, 14) The Individual Relief Defendants made no attempt to obtain a protective order relieving them of the obligation to appear for deposition. Nor have they since provided any, let alone a plausible, explanation for why they failed to appear. The SEC understands that they are simply unwillingly to be deposed. (*Id.* ¶ 18)

After completely disregarding paragraphs 1 and 2 of the amended scheduling order, pertaining to written and oral discovery, the Individual Relief Defendants then disregarded paragraph 3 by failing to appear at the mandatory settlement conference on August 1, 2016. (*See* Docket No. 89) They did so even after the Court, aware that they were not participating in discovery, had entered an order on July 27, 2016 that expressly required their personal appearance at the conference. (Docket No. 86)

### E. Efforts to Resolve the Discovery Disputes

The SEC's efforts to obtain the Individual Relief Defendants' compliance with their discovery obligations is described in detail in the attached declaration of Jennifer Peltz, as well as in her prior declaration submitted on June 13, 2016 in support of the SEC's motion to compel. (*See* Docket No. 78-2)

### F. Request for Entry of Default Judgments Against the Relief Defendants

Federal Rule of Civil Procedure 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Specifically, under Rule 37(b)(2)(A), the Court may sanction a party for failure to obey a discovery order, including by:

- directing that "designated facts be established for purposes of the action, as the prevailing party claims;"
- "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" or

1        • "rendering a default judgment against the disobedient party."
2   Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (vi). Under Rule 37(d), the Court may impose
3   these same sanctions when a party fails, after being served with proper notice, to
4   appear for his or her deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), & (d)(3). Federal
5   Rule of Civil Procedure 16(f) also allows the Court to impose the types of sanctions
6   set forth in Rule 37(b)(2)(A)—including entry of default judgment—when a party
7   "fails to appear at a scheduling or other pretrial conference" or "fails to obey a
8   scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).

9        Courts are vested with such authority in order to deter abuse of the discovery
10  process. Generally, the most severe remedies are appropriate when a party's
11  noncompliance was due to willfulness, bad faith or fault. *See, e.g., Henry v. Gill
12  Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993). "[D]isobedient conduct not shown to
13  be outside the control of the litigant is all that is required to demonstrate willfulness,
14  bad faith or fault." *Id*. at 948 (internal quotations omitted). Judicial consideration of
15  a case-dispositive sanction is further informed by the following five factors: "(1) the
16  public's interest in expeditious resolution of litigation; (2) the court's need to manage
17  its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public
18  policy favoring disposition of cases on their merits; and (5) the availability of less
19  drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*,
20  482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotations omitted). The fifth factor
21  has three-subparts: "whether the court has considered lesser sanctions, whether it
22  tried them, and whether it warned the recalcitrant party about the possibility of case-
23  dispositive sanctions." *Id*.

24       The above-listed factors provide "the district court with a way to think about
25  what to do;" they are "not a set of conditions precedent for sanctions or a script that
26  the district court must follow" in every case. *Id*. Above all, "the most critical factor
27  is not merely delay or docket management concerns, but truth." *Id*. Where discovery
28  violations impede the truth from coming out, they interfere with the rightful decision

of the case and severe sanctions are warranted. *Id.*; *see also* Fed. R. Civ. P. 1 (Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Application of the five-factor analysis to the record in this case strongly supports the entry of default judgment against the Individual Relief Defendants. Where, as here, a court order is violated, the first and second factors favor sanctions. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The third factor, prejudice to the Commission, is unquestionably satisfied as well. "Failure to produce documents as ordered … is considered sufficient prejudice." *Id*. This failure, combined with the Individual Relief Defendants' failures to appear for deposition, is an intolerable interference with the SEC's prosecution of this case. *See id.* (finding party's repeated failure to appear at scheduled depositions compounded by continuing refusal to comply with court-ordered production of documents constituted "an interference with the rightful decision of the case"); *Wanderer v. Johnston*, 919 F.2d 652, 656 (9th Cir. 1990) ("[T]he failures of the defendants to appear at their depositions, which were compounded by repeated noncompliance with court orders to produce documents[,] constituted a clear interference with the plaintiffs' ability to prove the claims and to obtain a decision in the case."); *G-K Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents.").

As to the fourth factor, while public policy favors cases being heard on their merits, this policy is not furthered by litigants who refuse to fulfill their discovery obligations. *Sanchez v. Rodriguez*, 298 F.R.D. 460, 465, 472 (C.D. Cal. 2014). A party should not be permitted to spurn basic discovery requests and lawful court orders and still demand a trial. *See, e.g., SEC v. China Infrastructure Inv. Corp.*, No. 15-cv-00307, 2016 WL 3034153, at **9-10 (D.D.C. May 26, 2016) (entering default judgment as sanction and finding that the deemed-admitted allegations of complaint,

in conjunction with the SEC's declaration and exhibits, were "sufficient evidence to determine relief without requiring a hearing"); *SEC v. Becker*, No. 09-cv-5707, 2010 WL 2165083, at *3 (S.D.N.Y. May 28, 2010) (same).

Finally, as to the fifth factor, lesser sanctions would be ineffectual here. In moving to compel the production of documents, the SEC made no secret of the fact that it would seek default judgments if the Individual Relief Defendants continued to evade their discovery obligations. In granting the SEC's motion, the Court appropriately cautioned the Individual Relief Defendants that the failure to comply with the Court's order to produce responsive documents could result in sanctions being imposed against them pursuant to Rule 37(b)(2).[1] Nonetheless, the Individual Relief Defendants chose to ignore the SEC's discovery requests. They chose to ignore the Court's order to produce documents. They chose to ignore the Court's order to appear at the settlement conference. They made these deliberate choices at their own peril. *See Becker*, 2010 WL 2165083, at *2 ("Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. A party who flouts such orders does so at his own peril.") (quoting *Bambu Sales, Inc. v. Ozark Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995)).

No alternative sanction is likely to lead these parties to suddenly comply with the Court's orders or to provide the Commission with the discovery methods to which it is entitled. The Court may properly exercise its discretion to reject lesser sanctions when it anticipates continued misconduct. *See, e.g., Hester v. Vision Airlines, Inc.*, 687 F.2d 1162, 1170 (9th Cir. 2012) (affirming discovery sanction striking defendant's answer even though district court did not first implement lesser sanction as this factor was not dispositive and the district court considered "the

---

[1] In addition, the relief defendants were otherwise aware that unresponsiveness may expose them to sanctions as they had previously been defaulted for failing to respond to the Complaint.

pointlessness of lesser sanctions"); *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1057 (9th Cir. 1998) (stating that "it is not always necessary for the court to impose less serious sanctions first"); *SEC v. Razmilovic*, 738 F.3d 14, 27 (2d Cir. 2013) (although defendant disobeyed only single court order, to appear for deposition, his defiance of the court's order, in the face of the court's warning of possible sanctions, "clearly supported the inference that renewed orders to appear would be unavailing and that no lesser sanction would be effective"); *Perez v. Berhanu*, 583 F. Supp. 2d 87, 92 (D.D.C. 2008) ("A court is 'not required … to exhaust lesser sanctions before turning to default' where, as here, sanctions short of default judgment would be ineffective or futile.") (quoting *Webb v. Dist. of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)).

The SEC anticipates that the Individual Relief Defendants will argue that precluding them from testifying at trial is a sufficient lesser sanction. But this would merely give them what they want and reward their misconduct. The Individual Relief Defendants have no intention of testifying at trial. (*See* Docket No. 83) Instead, they seek to introduce as evidence the declarations they previously submitted (in opposition to the SEC's motion for default judgment) and avoid, once again, being subject to cross-examination.

In evaluating the propriety of sanctions, the Court may "look at all incidents of a party's misconduct." *See Adriana Int'l Corp.*, 913 F.2d at 1411. The Individual Relief Defendants have a history of non-cooperation with the SEC's discovery efforts. Ettore withdrew her Answer rather than respond to the SEC's first set of interrogatories and document requests. Gatchalian and Clayton Lee failed to answer the Complaint at all. When the SEC initially attempted to take their depositions, Gatchalian and Clayton Lee refused to answer any questions put to them, invoking the Fifth Amendment. Despite the elimination of the cited threat of criminal

prosecution,[2] they still refuse to testify. But there is no unfettered right to remain silent in civil litigation.

At this stage of the case, terminating sanctions are justified. It is clear that, without them, the Individual Relief Defendants will continue to ignore with impunity the rules and orders of this Court. "When faced with continuing dilatory conduct, the entry of a default judgment is 'necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger.'" *SEC v. Great American Tech., Inc.*, No. 07 Civ. 10694, 2009 WL 4885153, at *3 (S.D.N.Y. Dec. 15, 2009) (quoting *Update Art, Inc. v. Modin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)). Courts have sanctioned similarly recalcitrant defendants in other SEC enforcement actions by entering default judgment. *See, e.g., Razmilovic*, 738 F.3d at 24-27 (affirming entry of default judgment based on defendant's failure to comply with order to appear for deposition); *China Infrastructure Inv. Corp.*, 2016 WL 3034153, at **6-10 (default judgment entered in light of defendants' failures to comply with court-ordered discovery or cooperate with SEC by providing deposition dates); *SEC v. Abernathy*, No. 1:11-cv-580, 2012 WL 4589453, at *2 (W.D. Mich. Oct. 2, 2012) (default judgment entered as sanction for defendants' failures to appear at settlement conference); *Becker*, 2010 WL 2165083, at *2 (default judgment warranted given "that defendants have deliberately and repeatedly refused to comply with their discovery obligations and disregarded this Court's orders"); *SEC v. Symbol Tech.*, No. 04-cv-2276, 2010 WL 744359, at *3 (E.D.N.Y. Feb. 25, 2010) (entering default judgment against defendant, noting that he "offered no excuse for his failure to appear for the deposition other than his own inconvenience, without consideration of the cost or prejudice to the government, and that his refusal to appear can only be

---

[2] *See* Docket No. 60, Relief Defs.' Request for Oral Argument, at ¶ 3 (stating that Lee's sentencing in his related criminal case had "eliminated the government's preexisting threat of bringing criminal action against any of the relief defendants").

considered willful and intentional"); *Great American Tech.*, 2009 WL 4885153, at *4 (default judgment warranted where defendant failed to comply with court orders to produce documents and failed to appear at his own deposition).

Accordingly, for the foregoing reasons, the SEC respectfully requests that the Court enter default judgments against the Individual Relief Defendants, as sanctions for dilatory and contemptuous conduct that has interfered with the just resolution of this case, and further grant the relief requested in the SEC's previously submitted motion for default judgment.[3] At a minimum, the relief defendants should be prohibited from both opposing the SEC's claims (by cross-examining witnesses, challenging the authenticity of SEC exhibits, or otherwise) and supporting their defenses (by testifying or submitting declarations or otherwise).

Dated: August 5, 2016    Respectfully submitted,

**Securities and Exchange Commission,**

By its attorneys,

s/ Michael D. Foster
Michael D. Foster (IL Bar No. 6257063)
Email: fostermi@sec.gov
John Birkenheier (IL Bar No. 6270993)
Email: birkenheierj@sec.gov
Jennifer Peltz (IL Bar No. 6280848)
Email: peltzj@sec.gov
Securities and Exchange Commission

---

[3] Default judgments are also appropriate against the remaining corporate relief defendants. No attorney has appeared on behalf of ACC and Ultra. Further, Sharif | Faust Lawyers have said they are withdrawing as counsel for ELX and SOT and the SEC understands no substitution of counsel is intended. (*See* Docket No. 71 ¶ 11) For this and other reasons previously stated, default judgment is appropriate as to these entities. *See, e.g., Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462, n.1 (D.D.C. 1998) ("A corporation cannot represent itself and cannot appear *pro se*. It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it."); *Perez*, 583 F. Supp. 2d at 89, n.2 (same).

1
2
  175 West Jackson Boulevard, Suite 900
  Chicago, Illinois  60604
  Telephone:  (312) 353-7390
  Facsimile:  (312) 353-7398

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Certificate of Service

I hereby certify that on August 5, 2016, I caused a copy of the foregoing document to be served via CM/ECF filing upon any parties that have appeared in this case.

s/ Michael D. Foster
Michael D. Foster
Email:  fostermi@sec.gov
Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois  60604
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398