UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES YIU LEE,<br><br>　　　　　　　　　　　Defendant,<br><br>and LARISSA O. ETTORE, ELX INTERNATIONAL, INC. and SOT GROUP, INC.,<br><br>　　　　　　　　　　　Relief Defendants. | Case No.: 14cv347-LAB-BGS<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS** |

## I.  BACKGROUND

Before the Court is Plaintiff's Motion for Sanctions against Relief Defendants Larissa Ettore, Clayton Lee and Lolita Gatchalian.  (ECF No. 90.)  In this motion, Plaintiff seeks terminating sanctions against the Relief Defendants for their failure to participate in the discovery process and attend the Court-ordered Mandatory Settlement Conference.

This is one of three related civil cases pertaining to a fraudulent investment scheme.  In a criminal case, Defendant James Y. Lee pled guilty to obstructing justice and admitted various acts of securities fraud.  In case 14cv1737, *S.E.C. v. Lee*, James Y.

1

Lee was ordered to disgorge over $2 million. The third case, 14cv542, *Ayers v. Lee*, is brought by investors.

In this case, the Securities and Exchange Commission (SEC) is suing not only James Lee, but also Relief Defendants Larissa Ettore, ELX International, Clayton Lee, Advanced Century Corp., Lolita Gatchalian, Ultra International Inc., and SOT Group, Inc.[1] On March 7, 2016, the Honorable Judge Burns denied Plaintiff's Motion for Default against the Relief Defendants in this case. Shortly thereafter, the parties contacted the Court to discuss the need to reopen discovery. (ECF No. 69.) The parties agreed on a limited reopening of discovery, and filed a Joint Motion so stating. (ECF No. 71.) This Joint Motion specified that the parties could serve Rule 34 document requests limited to the issue of disgorgement for the Relief Defendants and the anticipated deposition testimony of Relief Defendants Ettore, Gatchalian and Clayton Lee. (ECF No. 71 at 5.) The Joint Motion also allowed for the depositions of the Relief Defendants. (*Id.*) The Court granted this Joint Motion and set forth deadlines for the completion of discovery. (ECF No. 72.) At this time, the Court also scheduled a Mandatory Settlement Conference for August 1, 2016. (*Id.* at 2.)

Pursuant to the amended scheduling order, Plaintiff served requests for production on the Individual Relief Defendants on May 19, 2016. Relief Defendants were required to respond by June 3, 2016. When they did not timely respond, Plaintiff filed a motion to compel. (ECF No. 78) On June 21, 2016, the Court ordered the Individual Relief Defendants to comply with the requests by June 28, 2016. (ECF No. 79). Plaintiff alleges, and the Relief Defendants do not dispute, that Relief Defendants have failed to produce a single document in response to these requests. (ECF No. 90-2, Peltz Decl. ¶ 17.)

Pursuant to the amended scheduling order, Plaintiff also noticed the depositions of

---

[1] This motion for terminating sanctions against the Relief Defendants only concerns the individuals: Larissa Ettore, Clayton Lee and Lolita Gatchalian.

the Relief Defendants. Plaintiff noticed Relief Defendant Ettore's deposition for June 16 in San Diego; Relief Defendant Gatchalian's deposition for June 17 in San Francisco; and Relief Defendant Clayton Lee's deposition for June 24 in San Diego. (*Id.* ¶¶ 6, 8 & Exs. 2, 3) According to Plaintiff, all three individuals failed to appear for their depositions. (*Id.* ¶¶ 11-13 & Exs. 5-8.) Relief Defendants do not dispute this fact.

Despite being ordered to appear, the Relief Defendants failed to attend the Mandatory Settlement Conference on August 1, 2016. (ECF No. 89.) Plaintiff now moves this Court for sanctions in the form of a default judgment against the Relief Defendants based on their failure to produce documents in response to their Requests for Production, failure to appear at their depositions, and failure to attend the Mandatory Settlement Conference. (ECF No. 90.) The Relief Defendants do not dispute that sanctions of some degree are warranted but argue that lesser evidentiary sanctions should be imposed. (ECF No. 93 at 3.)

## II. RELEVANT LAW

Where a party fails to obey an order to provide or permit discovery, the Court may make an order to strike pleadings or parts thereof, stay further proceedings until the order is obeyed, dismiss the action or proceeding or any part thereof, or render judgment by default against the disobedient party. Fed. R. Civ. P. 37(b)(2)(C). Subsection (f) gives the judge the authority to make such orders as are just for a party's failure to obey a scheduling order or pretrial order. Fed. R. Civ. P. 16(f). Federal Rule of Civil Procedure 37 allows for dismissal for failure to comply with discovery plans or orders. Fed. R. Civ. P. 37(b)(2).

The sanction to be ordered is within the Court's discretion, and if the sanction ordered is less than dismissal, the plaintiff's noncompliance need not be proven to be wilful or in bad faith. *See, e.g., Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir. 1976); *see also Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (as noted above, for purposes of Rule 37(b)(2), "a party 'refuses to obey' simply by

failing to comply with an order"). If, however, the contemplated sanction is dismissal, dismissal is appropriate only if the plaintiff's noncompliance is "'due to willfulness, bad faith or fault.'" *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (citation omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). This requirement, however, does not require a finding of wrongful intent or any particular mental state. Rather, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted); *see also Henry*, 983 F.2d at 948 (same).

Before case-dispositive sanctions may be ordered pursuant to Rule 37(b)(2)(A), in addition to determining whether the requisite willfulness, bad faith, or fault exists, a court must consider and weigh the following five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *See, e.g., Conn. Gen.*, 482 F.3d at 1096; *Henry*, 983 F.2d at 948. When the violation of a court order serves as the basis for a terminating sanction request, factors (1) and (2) support the imposition of such sanctions and factor (4) cuts against them, and thus, factors (3) and (5) are the critical factors to consider. *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Henry*, 983 F.2d at 948.

### III. THE RELIEF DEFENDANTS' CONDUCT WAS WILLFUL

"Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen*, 320 F.3d at 912 (citation omitted); *see also Henry*, 983 F.2d at 948 (same). The Relief Defendants do not dispute that they failed to produce documents in response to Plaintiff's Request for Production of Documents, failed to attend their respective depositions and failed to comply with the Court order requiring their personal appearance at the Mandatory Settlement Conference. The ability to comply with discovery requests, court orders to

compel, deposition notices, and a court order requiring their personal appearance at the Mandatory Settlement Conference were all within the control of the Relief Defendants. The Relief Defendants provide no explanation suggesting otherwise, nor do they offer any excuse that could possibly justify their noncompliance. As a result, the Court **RECOMMENDS** a finding that the Relief Defendants willfully failed to participate in the discovery process and attend the Mandatory Settlement Conference as ordered by this Court.

### IV. ANALYSIS OF FACTORS FOR DISMISSAL

#### A. The Public Interest in Expeditious Resolution of Litigation

With regard to the first factor, as acknowledged in Federal Rule of Civil Procedure 1, the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action. By the same token, delay in reaching the merits, whether by settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). The actions of Relief Defendants have wasted judicial resources and caused unnecessary delay and expense for Plaintiff. In light of the unnecessary delay, expense, and disregard for the judicial process, this factor weighs in favor of entry of terminating sanctions in the form of default. The public's interest is to require parties to *participate* in litigation, including discovery. Thus, consideration of this factor weighs in favor of a terminating sanction.

#### B. The Court's Need to Manage its Dockets

Federal Rule of Civil Procedure 16 authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and the settlement is facilitated. Rule 16 recognizes the "need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(L).

The Court has provided multiple opportunities for Relief Defendants to comply

with the requirements and orders of this Court. The Relief Defendants have repeatedly failed to comply, and have provided no explanation for their failure to do so. The Relief Defendants were already in default after failing to participate in this litigation. (ECF No. 20, Clayton Lee and Lolita Gatchalian; ECF No. 43, Larissa Ettore.) On March 7, 2016, the Court denied Plaintiff's Motion for Default. (ECF No. 65.) Once the case resumed, the Relief Defendants agreed to reopen discovery, only to later ignore Plaintiff's discovery attempts, resulting in additional delay. (*See* ECF Nos. 70, 72, 76, 79.) Even when compelled to produce responsive documents by this Court, the Relief Defendants failed to comply. (ECF No. 79.) As described above, Relief Defendants also failed to personally appear at the Mandatory Settlement Conference on August 1, 2016, despite being ordered to do so by the Court. (ECF No. 86.) Relief Defendants have repeatedly demonstrated their refusal to meaningfully participate in this litigation, and have caused unnecessary delay, impeding the Court's ability to effectively manage its docket. Therefore, the Court finds that this factor weighs in favor of a terminating sanction.

### C. The Risk of Prejudice to the Party Seeking Sanctions

Plaintiff argues that the third factor weighs in their favor because "[f]ailure to produce documents as ordered … is considered sufficient prejudice." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). With respect to their failure to appear at their depositions, Plaintiff argues that this is an "intolerable interference with the SEC's prosecution of this case." (ECF No. 90-1 at 6.) Indeed, failure to provide witnesses at deposition can constitute prejudice. *Commodity Futures Trading Comm'n v. Noble Metals International, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995) (repeated failure of a corporation to designate a representative to testify at depositions "severely prejudiced" the government's ability to makes its case); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166-67 (9th Cir. 1994) (failure to appear at depositions prejudiced the opposing party); *Adriana*, 913 F.2d at 1412 (repeated failure of the party to appear at scheduled depositions "interfered with the rightful decision of the case.") Moreover, there is a rebuttable presumption that unreasonable delay causes prejudice. *In re PPA Products*

*Liability Litig.*, 460 F.3d at 1228.

Prejudice to the moving party is the fundamental issue in determining whether case-dispositive sanctions are appropriate. "Sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.'" *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (citing *Wyle v. R.J. Reynolds Ind., Inc.*, 709 F.2d 585 (9th Cir. 1983).) Whether "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts" is critical to the determination of case-dispositive sanctions. *Conn. Gen.*, 482 F.3d at 1097 (citing *Valley Eng'rs*, 158 F.3d at 1057).

Here, the Relief Defendants argue that evidentiary sanctions are preferable and less drastic than terminating sanctions. Therefore, as an alternative to terminating sanctions, the Relief Defendants propose that this Court preclude their ability to testify at trial, and preclude the use of any documents not already disclosed to Plaintiff. In response, Plaintiff argues that such evidentiary sanctions would actually work in favor of the Relief Defendants. The Court agrees with Plaintiff.

In a supplemental filing in support of the opposition to Plaintiff's Motion for Default, the Relief Defendants provided a number of financial documents and declarations in support of their position that they are not responsible for James Lee's wrongdoing, and also that the amount being sought from them is inflated. (ECF No. 57.) By arguing that they should not be allowed to testify on their own behalf at trial as a sanction, the Relief Defendants are essentially limiting the scope of testimony to that contained in their declarations, without providing Plaintiff an opportunity to cross examine them on those statements. Moreover, by limiting the documents in this case to those already produced to Plaintiff, Defendants would essentially be cherry-picking the documents available to Plaintiff and the Court. The discovery process is meant to

uncover the truth—not the truth as the Relief Defendants prefer it to be told.[2] Plaintiff is entitled to *all* relevant documents, not those which the Relief Defendants decided to disclose.[3] Plaintiff is also entitled to cross examine the Relief Defendants on the statements made in their declarations, as well as the documents produced in this litigation. Therefore, the Court finds that this factor weighs in favor of a terminating sanction.

### D. The Public Policy Favoring Disposition of Cases on the Merits

The fourth factor, the public policy favoring decisions on the merits, usually weighs against a terminating sanction. *Hyde & Drath*, 24 F.3d at 1167; *Wanderer*, 910 F.2d at 656. Yet, where a fair trial appears impossible because of refusal to cooperate, this factor is not provided much weight. *Hyde & Drath*, 24 F.3d at 1167.

In support of their opposition to Plaintiff's motion, the Relief Defendants cite to *Halaco Engineering Co. v. Castle*, 843 F.2d 376, 382 (9th Cir. 1988) for the proposition that terminating sanctions are inappropriate when the discovery misconduct does not interfere with the Court's ability to find the truth. (ECF No. 93 at 8-9.) Importantly, the Ninth Circuit first determined that the Court in that case had not issued its order under Fed. R. Civ. P. 37(b)(2)(C), and its order for sanctions, therefore, proceeded under the Court's inherent power "to impose sanctions for discovery abuses that may not be a

---

[2] The Relief Defendants argue that Plaintiff has been able to obtain thousands of pages of bank statements, financial records, and even depositions to prove their case at trial, minimizing the impact of their failure to participate in the discovery process. (ECF No. 93 at 11.) While it may be true that Plaintiff has been able to obtain discovery elsewhere, this argument misses the point. The volume of discovery Plaintiff has otherwise been able to obtain has no bearing on Plaintiff's right to this specific discovery from the Relief Defendants. That other discovery has been secured from the Defendant in this case or Plaintiff's own investigation does not excuse the Relief Defendants from their obligations under the Federal Rules to respond to document requests and appear for depositions.

[3] To the extent the Relief Defendants are arguing that any discovery requests were duplicative of documents and testimony already provided in this case, the proper time to make such an objection is during the discovery process itself—not in response to a motion for terminating sanctions. Moreover, such an argument is insincere given that the parties represented to the Court that they had come to an agreement amongst themselves regarding the discovery needed in this case (ECF No. 70) and submitted a joint motion so stating. (ECF No. 71.)

technical violation of the discovery rules." *Halaco Engineering Co.*, 843 F.2d at 380. Additionally, the Court in *Halaco* found that the sanction of dismissal was inappropriate for a single, willful, violation. *Id.* In that case, the party had doctored a report produced in discovery. Plaintiff's attempt to compare a violation of discovery with respect to one document, with their wholesale failure to produce any documents, or attend their depositions, is insincere at best. The Court is not persuaded that the holding in *Halaco* has any bearing on whether or not terminating sanctions should be imposed in this case.

Here, for the reasons explained above, Plaintiff is prejudiced by the Relief Defendants' failure to respond to discovery, and a fair trial appears impossible given that the Relief Defendants have effectively cherry picked the available evidence. Therefore, the Court finds that this factor weighs in favor of a terminating sanction.

### E. The Availability of Less Drastic Sanctions

Relief Defendants argue that less drastic sanctions are appropriate and ask the Court to preclude their ability introduce any testimony or evidence not already disclosed to Plaintiff. (ECF No. 93 at 11.) As explained above, the Court has determined that evidentiary sanctions would work to the advantage of the Relief Defendants, and not provide an appropriate sanction.

In their opposition to Plaintiff's Motion for Terminating Sanctions, the Relief Defendants cite to *Fjelstad v. American Hondo Motor Co.*, 762 F.2d 1334, 1336-37 (9th Cir. 1985) to support their argument that terminating sanctions are too drastic a remedy. In *Fjelstad*, the defendant faced partial default as a sanction due to its failure to supplement answers to interrogatories in compliance with a court order. *Id.* at 1340. There, the Court distinguished its facts from the case of *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909), "which held that striking the answer and entering default judgment against a corporate defendant that refused to produce any documents or to permit its officers to be deposed did not deny the defendant due process because its refusal to produce material evidence created a presumption that its asserted defense was meritless." *Fjelstad*, 762 F.2d at 1342. The Court reasoned that,

"[u]nlike the defendant's refusal to disclose any material information in *Hammond Packing*, American Honda's failure to supplement its response to the interrogatory concerning potential witnesses does not give rise to a presumption that the denials in its answer to the complaint are untrue or that its defenses are meritless." *Id.*

Ironically, the Relief Defendants' reliance on *Fjelstad* underscores the factual differences between the conduct in that case and the conduct here. The Relief Defendants failure to participate in discovery is more akin to the defendant in *Hammon Packing*, who refused to disclose any material information to the plaintiff. Indeed, the Court in *Fjelstad* emphasized the discovery that American Honda already provided to plaintiffs, noting that "nothing in the record suggests that American Honda's failure to identify any potential witness in a timely manner adversely affected the plaintiffs' ability to establish that the motorcycle's lack of conspicuity caused or contributed to the accident, or that the delay helped to conceal information tending to show the invalidity of one or more of American Honda's possible defenses." *Id.* at 1343. But here, the Relief Defendants were not untimely in their responses to discovery—they failed to produce any responsive documents and they failed to appear for their depositions.[4] Unlike in *Fjelstad*, the Relief Defendants' conduct *does* effect Plaintiff's ability to establish their liability, and it *does* conceal information that could show the invalidity of one or more of their possible defenses.

The Court has already provided the Relief Defendants with multiple opportunities to participate in this case and the discovery process. The Court has denied a motion for default judgment at the request of the Relief Defendants. In May of 2016, the parties, including the Relief Defendants, agreed to additional fact discovery. (ECF Nos. 70, 71, 72.) When the Relief Defendants refused to participate in discovery, the Court ordered

---

[4] While the Court acknowledges that the Relief Defendants did provide Plaintiff and the Court with documents in their supplemental filing, those documents are not necessarily responsive to Plaintiff's Request for Production served on May 19, 2016 which sought information related to disgorgement. Relief Defendants do not dispute that they provided no documents in response to this request.

10

them to do so.[5]  (ECF No. 79)  The Court has cautioned the Relief Defendants that failure to participate in the discovery process could result in sanctions under Federal Rule of Civil Procedure 37(b)(2) (ECF No. 79), but the Relief Defendants chose not to heed the Court's warnings.  Despite being ordered to personally appear at the Mandatory Settlement Conference on August 1, 2016 (ECF No. 86), the Relief Defendants failed to appear.[6]  (ECF No. 89.)  Finally, the Court has considered alternative sanctions that are less drastic than striking the Relief Defendants' Answer and entering default but cannot determine any such sanctions that would mitigate this unusual situation where a party has simply failed to participate in discovery.  Therefore, the fifth factor also weighs in favor of a terminating sanction.

## V. CONCLUSION

The situation presented here is an unusual one in which one party has completely failed to respond to discovery after successfully opposing the entry of default judgment.  In this extraordinary situation, a sanction of striking the Relief Defendants' Answer and entering default against them is warranted.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1).  For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion for Terminating Sanctions is **GRANTED**.

IT IS ORDERED that no later than **December 20, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **January 3, 2017**.  The parties are advised

---

[5] Notably, the Relief Defendants did not file an opposition to Plaintiff's Motion to Compel. (ECF No. 79.)

[6] Counsel for the Relief Defendants did appear in person at the Mandatory Settlement Conference, and has participated in calls with the Court.  As a result, the Court is satisfied that the current situation is the result of the client's refusal to cooperate and that sanctioning counsel would be of no avail.

1  that failure to file objections within the specified time may waive the right to raise those
2  objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th
3  Cir. 1998).
4       IT IS SO ORDERED.
5
6  Dated:  December 6, 2016
7                                                                  _____
                                                                    Hon. Bernard G. Skomal
8                                                                   United States Magistrate Judge