# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAMES Y. LEE, et al.<br><br>　　　　Defendants. | CASE NO. 14cv347-LAB (BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 5, 2016, Plaintiff Securities and Exchange Commission (SEC, or the government) filed a motion for terminating sanctions against Relief Defendants Larissa Ettore, Clayton Lee, and Lolita Gatchalian (collectively, the "Relief Defendants").[1] Because the motion concerned the Relief Defendants' behavior in matters committed to both the District Judge and Magistrate Judge, the motion was referred to Magistrate Judge Bernard Skomal for a report and recommendation.

Judge Skomal received briefing and on December 6, 2016 issued his report and recommendation (the "R&R"), which made factual findings and recommended that the motion be granted. (Docket no. 99.) Objections to the R&R were due December 20 and replies were due January 3, but no party has filed any.

---

[1] The SEC also sought relief against four corporate relief Defendants, but they are the subject of a separate motion. For purposes of this order, Relief Defendants means the three individuals.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The 'statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.' *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Even though the Relief Defendants' failure to object to the R&R would justify its adoption without further review, the Court is aware that it can review and modify or reject the R&R. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir.1979) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.").

**Background**

The R&R's factual findings, including its findings concerning the case's procedural history and the parties' behavior, appear to be correct, and the Court **ADOPTS** them. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998) (failure to object to factual determinations waives those issues). In addition, the Court makes the following additional factual determinations.

This case concerns a fraudulent investment scheme by James Y. Lee, who has already pled guilty to obstructing justice and securities fraud, and now incarcerated. It is one of three related cases. In case 14cv1737, *SEC v. Lee*, as well as in this case, judgment has been entered against Lee. He is facing default judgment in another related case, 14cv542, *Ayers v. Lee*. Relief Defendants have or have had close and ongoing associations with Lee. According to the complaint, Lee diverted significant assets to them; this action seeks disgorgement of those assets.

After the Relief Defendants failed to answer, a default was entered against them, and the SEC moved for default judgment. The Relief Defendants then began to defend. On April 13, 2015, they requested more time to obtain information to file an opposition, which the Court granted. On May 4, 2015, they filed a lengthy opposition to the motion for default judgment. They did not dispute that some disgorgement was required, but argued that the amount the SEC was asking for was excessive. Each of the Relief Defendants asked the Court to reduce their disgorgement obligation. The Court denied the motion for default judgment, noting that the Relief Defendants had appeared and were actively trying to defend. The parties agreed to reopen discovery, and their request for limited discovery was granted. But instead of cooperating, the Relief Defendants began engaging in tactics that can only be called obstructionist. These are outlined in detail in the R&R. They include, among other things, Relief Defendants' refusal to comply with discovery requests, their disobedience to the Court's orders, and their refusal to attend either their own depositions or the mandatory settlement conference. The SEC then moved for terminating sanctions against them.

**Legal Standards**

The R&R correctly sets forth the legal standards for Rule 37(b)(2)(A) sanctions, which the Court incorporates here by reference. Before imposing such sanctions, the Court must first make a determination regarding willfulness, bad faith, or fault. The R&R recommends a finding that the Relief Defendants' conduct was willful; the Court agrees, and **ADOPTS** this recommendation. Their sanctionable conduct was their own fault; it was willful, and demonstrated bad faith.

The Court considers the factors set forth case law cited in the R&R, and agrees with the R&R's reasoning and conclusions. The Court recognizes that the standard is high and terminating sanctions will only rarely be appropriate. But these are unusual circumstances, and the high standard is met here. It also bears mention that the Relief Defendants' conduct has left the Court with no fair and reasonable option other than to sanction them as the SEC requests. As noted, in the past they suggested to the Court that they were prepared to

defend this case vigorously. Either they did not mean it, or they changed their mind without saying so, which misled both the Court and the SEC. Their bad faith and willful misbehavior have successfully delayed the SEC's recovery, and imposed costs on the SEC. Denying relief or giving them another chance would simply reward their miscondut. The interests of justice forbid granting them any more opportunities to engage in any more of the same misbehavior.

**Conclusion and Order**

Having reviewed and considered the R&R in its entirety, including its factual findings, legal analysis, and all the relevant factors, the Court agrees with the R&R. The R&R is **MODIFIED** to include the additional discussion regarding the Relief Defendants' willfulness and bad faith, and the appropriateness of terminating sanctions. So modified, the R&R is **ADOPTED**. The government's motion for terminating sanctions against the three individual Relief Defendants is **GRANTED**. The government is directed to electronically lodge an order in editable electronic format granting the motion and awarding relief.

The deadline has passed for the remaining Defendants to oppose the government's *ex parte* motion for reconsideration (Docket no. 100), and the Court expects to be able to rule on that motion shortly. Pending that decision, the government's counsel is directed to begin drafting a proposed order of judgment.

**IT IS SO ORDERED**.

DATED:  January 12, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge