# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>   vs.<br><br>JAMES Y. LEE, et al.<br><br>                                    Defendants. | CASE NO. 14cv347-LAB (BGS)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; AND**<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ELX INTERNATIONAL, INC.; ADVANCED CENTURY CORP.; ULTRA INTERNATIONAL, INC.; AND SOT GROUP, INC.** |

The Court has separately granted judgments against Defendants James Y. Lee, Larissa O. Ettore, Clayton K. Lee, and Lolita Gatchalian. The remaining four Defendants are ELX International, Inc.; Advanced Century Corp.; Ultra International, Inc.; and SOT Group, Inc. (collectively, the "Corporate Relief Defendants"). On March 7, 2016, the Court denied the SEC's motion for default judgment against, *inter alia*, ELX and SOT Group. But after counsel for those two Defendants was granted leave to withdraw and they had effectively consented to submit to a default judgment, the Court permitted the SEC to seek reconsideration of that denial. (Docket no. 98.)

The SEC has now filed its motion for reconsideration, but has also requested default judgment against Advanced Century and Ultra. The record shows that Gatchalian was an officer or director of Ultra, and Clayton Lee was an officer or direcfor of Advanced Century.

(*See* Complaint, ¶ 20 (identifying Clayton Lee as the sole officer and director of Advanced Century) and ¶ 22 (identifying Gatchalian as the sole officer and director of Ultra); Docket no. 8 (waiver of service on behalf of Advanced Century signed by Clayton Lee); Docket no. 11 (waiver of service on behalf of Ultra signed by Gatchalian).) Both are alleged to have been shell entities that Defendant James Lee and his associates used to divert funds. (Compl., ¶ 72.) Both were subjects of the same motion for default judgment and neither filed an opposition, even though both Clayton Lee and Gatchalian had been given notice of both the motion and the order requiring a response. Other than waiving service, neither Ultra nor Advanced Century ever made an appearance.

Although the Court did not formally give the SEC leave to seek reconsideration against Ultra and Advanced Century, the rationale for reconsideration applies equally to them, and the Court accepts the motion as filed.[1]

**Legal Standards**

The decision to grant default judgment is within the Court's discretion. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* at 1471–72.

**Discussion**

The Corporate Relief Defendants are alleged to be closely-held corporations that served essentially as tools of James Lee and the other Defendants, which they used to divert

---

[1] Even if the Court were not treating Ultra and Advanced Century as within the scope of the motion for reconsideration, it could and would reconsider the motion *sua sponte*. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (holding that district court had discretion to reconsider its own order *sua sponte*, and noting that all trial court rulings "are subject to revision at any time before the entry of judgment").

or hide funds. In other words, the interests of these corporations are essentially the same as the interests of the other Defendants, and no third parties are ever identified as owning any interest in them. Although all four have appeared, none of them are represented by counsel, and none are either offering any defense or prepared to offer one.

Developments since the Court's original denial of default judgment have completely altered the case's posture. At the time of the initial denial, the individual Defendants were offering a defense; now, they have all either submitted to judgment or have had judgment granted against them. The remaining claims against the Corporate Relief Defendants seem almost an afterthought; the SEC is pressing them simply to make sure it can recover all the money the other Defendants unlawfully obtained.

### *Eitel* Factors 1 and 7

At this point, the only avenue for recovery against the Corporate Relief Defendants is default judgment. None of them are represented by counsel, and they may not proceed *pro se*, so they cannot defend against summary judgment nor could they appear at trial. In other words, no decision on the merits is possible. Denying default judgment would prejudice the SEC by effectively denying it any recovery against the Corporate Relief Defendants. The first factor weighs strongly in favor of default judgment. And because no judgment on the merits is possible, the policy favoring decisions on the merits has no application here.

### *Eitel* Factors 2, 3, and 5

The principal Defendant, James Y. Lee, has pled guilty to obstructing justice and securities fraud, and now incarcerated. This is one of three related civil cases. In case 14cv1737, *SEC v. Lee*, as well as in this case, judgment has been entered against him. He is facing default judgment in another related case, 14cv542, *Ayers v. Lee*. The other individual Defendants were alleged to have helped him in his scheme and in some cases to have helped him divert and hide his ill-gotten gains. By a separate order, judgment is being entered against them in this case. Because Lee and his associates are being held liable, there is no real doubt that the four corporations they controlled should be held liable as well.

At the time the Court initially denied default judgment, there were factual disputes regarding scienter, the traceability of funds, the degree to which the Relief Defendants might have given value for the funds they received, and other issues. Entry of judgment against the individual Defendants has eliminated those issues.

The SEC has also provided good reasons why its claims against the Corporate Relief Defendants are meritorious. These three factors weigh in favor of default judgment.

### *Eitel* Factor 4

The SEC seeks $1,024,491.55 from ELX; $943,045.16 from SOT; $756,526.41 from Advanced Century; and $148,758.62 from Ultra, plus prejudgment interest. These are substantial sums. The fact that a large sum of money is at stake tends to weigh against default judgment. *Eitel*, 782 F.2d at 1472.

In opposition to the earlier motion for default judgment, the individual Relief Defendants conceded they owed something, but argued that the amounts were inflated. Here, though, no material facts are in dispute. Because the Corporate Relief Defendants are all corporations, liability will not flow to third parties. And because are owned and controlled by other Defendants, there is no real danger that third parties will suffer in some other way. In other words, the only people who will suffer from the entry of this judgment are Defendants against who are already being held liable.

Furthermore, accepting the Complaint's allegations as true, the Corporate Relief Defendants were essentially conduits for the other Defendants, and had no other business or income. In other words, any assets they have appear to be the proceeds of fraud. Although the amount sought is substantial, there is no reason to believe it is inflated. *See, e.g., Sipe v. Country Wide Bank*, 2012 WL 4026127 at *9 (E.D. Cal., Sept. 12, 2012) (citing authority for the principle that a request for a large sum does not weigh against default judgment, if the amount is not excessive). This factor weighs against default judgment, although not strongly.

/ / /

/ / /

**Eitel Factor 6**

The Corporate Relief Defendants' default was clearly not the product of excusable neglect. ELX and SOT knowingly submitted to a default judgment. And the other two, through their principals, have known about this action and about the motion for default judgment. The principals, in their individual capacities, actively defended, while failing to offer an defense on behalf of the corporations. Furthermore, all four failed to oppose the motion for reconsideration. The Corporate Relief Defendants' default bears all the earmarks of a deliberate decision.

**Conclusion and Order**

Having considered all the *Eitel* factors, the new developments in this case, and the SEC's arguments, the Court concludes that default judgment is proper. The Court **RECONSIDERS** its order denying default judgment, and now **GRANTS** that motion.

By a separate order, the Court granted the SEC's motion for terminating sanctions against the three individual Relief Defendants. The SEC is now **ORDERED** to submit a proposed order in editable electronic format, granting judgment against all Relief Defendants, individual and corporate, and awarding relief. The proposed order should be submitted by email no later than **January 27, 2017**. The subject line of the email should include the case name and number, and all counsel shall be copied on the email.

With the issuance of the order of judgment against all Relief Defendants, the Court believes all issues in this case will have been adjudicated. If other issues remain, any party may file a notice by **January 27, 2017** explaining what those issues are. Otherwise, the judgment against the Relief Defendants will also be the final judgment in this case.

**IT IS SO ORDERED**.

DATED: January 12, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge